# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JENNIFER BRADY (HOOD), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-00764-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REVERSED** and this case is **REMANDED** to the ALJ for further development of the record consistent with this Order.

### Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing

*Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

First, a brief account of the ALJ's findings based on SSA's five-step evaluation process for determining if Plaintiff is disabled. At step one, the ALJ found that although Plaintiff has engaged in some work during the relevant period, these jobs did not amount to substantial gainful activity as defined by SSA. At step two, the ALJ found that Plaintiff has the following severe medical impairments or combination of impairments: attention deficit hyperactivity disorder ("ADHD"); panic disorder; anxiety; chronic low back pain with arthritis; and right ear hearing loss. At step three, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, is of a severity to meet or medically equal the criteria of SSA's listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1. The ALJ next determined, that despite limitations from her impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work with some additional postural, environmental, and mental limitations. At step four, the ALJ determined that Plaintiff is unable to do her past work. At the last step, step five, the ALJ found that when considering her RFC, age, education, and work experience, Plaintiff is able to perform other work despite her impairments. Based on this finding, the ALJ concluded that Plaintiff is not disabled.

On appeal, Plaintiff focuses solely on the ALJ's consideration of her mental impairments. Plaintiff argues that the ALJ failed to properly develop the record with some medical evidence supporting the mental RFC. The issue in this case is whether Plaintiff's record was undeveloped such that the ALJ had a duty to gather additional medical evidence before determining Plaintiff's mental RFC.[1]

---

[1] Plaintiff also argues, and the Commissioner concedes, that the ALJ failed to discuss the opinion of Dr. Hutson, the state agency psychological consultant, as required by SSA regulations. Dr. Hutson, however, opined that Plaintiff's mental impairments were non-severe and Plaintiff points to no greater limitations that could have been found had this opinion been discussed. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion . . . to demonstrate RFC [is] on the claimant[.]") (citations omitted). Because the opinion would have had no practical effect on the outcome, the ALJ's failure to discuss it is harmless error. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) "[A]n arguable deficiency in opinion writing that had no practical effect on the decision . . . is not a sufficient

The ALJ has the responsibility to "develop the record fairly and fully, independent of the claimant's burden to press his case." *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007) (citation omitted). Although the RFC determination is "based on all relevant evidence," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (citation omitted), "it must be supported by some medical evidence of the claimant's ability to function in the workplace[,]" *Cox*, 495 F.3d at 619 (citations omitted). It is not necessary that the medical evidence "explicit[ly] reference to 'work' in close proximity to the description of [the claimant's] various medically evaluated limitations[.]" *Cox*, 495 F.3d at 620 n. 6. The records are sufficient as long as they describe the claimant's "functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment." *Id.* Remand is only required where the claimant "was prejudiced or treated unfairly by how the ALJ did or did not develop the record[.]" *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

In determining Plaintiff's RFC at step five, the ALJ found that despite her severe mental impairments of ADHD, panic attacks, and anxiety, Plaintiff could perform a range of sedentary work with the following mental limitations: Plaintiff could be off task ten percent of the time in addition to normal breaks; and she was limited to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements, and involving only simple work-related decisions, with few, if any, workplace changes.

The Court turns to the medical evidence in the record. Plaintiff's only mental health treatment during the relevant period was in November 2014 through March 2015. (Ex. 5F.) At Plaintiff's first visit in November 2014, Dr. Amiri diagnosed Plaintiff with ADHD and panic disorder and administered psychotropic prescriptions. At the two follow-up visits in December 2014 and March 2015, Dr. Amiri reports Plaintiff's improvement but also observes she has a short attention span, she continues to lose things necessary for tasks or activities, and she needs redirection. Dr. Amiri does not provide an explicit opinion on Plaintiff's ability to perform in the workplace. And while Dr. Amiri's notes do touch on Plaintiff's general ability to perform tasks, they do not describe Plaintiff's functional limitations with "sufficient generalized clarity" from which to understand how those limitations function in a workplace.

---

reason to set aside the ALJ's decision.") (citation omitted); *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (same).

As for other medical evidence relevant to the RFC assessment, the ALJ cited to notes from another treating source seen for back pain treatment (Ex 8F, 9F) and the report by consultative examiner Dr. Samantha Nohava (Ex. 10F). These records minimally discuss Plaintiff's mental health and do not fill the gap in the absence of a treating source's opinion that sufficiently describes Plaintiff's mental functioning in the workplace.[2] Without more, the medical record is insufficient to support the ALJ's mental RFC.[3]

The Commissioner points to other evidence in the record considered by the ALJ that supports the RFC. However, although the RFC is based on all the relevant evidence, it must be supported by some medical evidence.

Finally, the Court considers whether Plaintiff has shown prejudice or unfair treatment by the ALJ not developing the record on this issue. Considering that Plaintiff's attorney requested a psychological examination (Tr. 36), that improvement with health isn't necessarily inconsistent with a disability, *Cox v. Barnhart*, 345 F.3d 606, 609 (8th Cir. 2003), and that Plaintiff claims she

---

[2] Treatment records from Kearney Family Medicine from October and November 2015 include "normal" psychiatric findings, including that Plaintiff is "oriented to time, place, person & situation. Appropriate mood and affect. Normal insight. Normal judgment." (Ex. 9F/3, 6.)

Dr. Nohava's general neurological findings were that: "[t]he claimant was alert and had good eye contact. Claimant had fluent speech. The claimant's mood was not appropriate and claimant was very tearful and said movements caused her pain. The claimant had clear thought processes. Claimant's memory was normal and concentration was good. The claimant was oriented to time, place, person and situation." (Ex. 10F/3.)

Dr. Nohava's impressions regarding Plaintiff's ADHD/Panic Disorder were that: "[t]he claimant was able to perform the entire exam. She was dressed well and had good hygiene. She cried during the entire exam. She said she was crying because she had back pain with the exam. I do not feel that she had good effort for the exam and she let her husband help her off the exam table and helped her take off her shoes and socks." (Ex. 10F/4.)

[3] While Plaintiff argues that the ALJ failed to consider her attorney's request for a psychological consultative examination, it appears that the ALJ did in fact order a consultative exam of Plaintiff. (Ex. 10F.) However, it is not clear whether this exam was both physical and psychological. Irrespective of whether this exam constitutes a psychological exam, this report does not fill the gap as to Plaintiff's mental ability to function in the workplace. Dr. Samantha Nohava, whose specialty is emergency medicine, examined Plaintiff on April 2, 2016. (*See* Ex. 10F/14, 16.) As part of her exam, Dr. Nohava completed a medical source statement as to Plaintiff's physical ability to do work-related activities (Ex. 10F/9-14) but provides only scant notes regarding Plaintiff's mental health, *see* note 2, *supra*. She also did not diagnose any mental illness, which conflicts with the ALJ's finding at step two that Plaintiff suffers from the severe mental impairments. (Ex. 10F/4-5.)

stopped seeking mental treatment because she did not have insurance (Tr. 48),[4] Plaintiff has shown she was treated unfairly by the ALJ's failure to order a psychological consultative exam.

Remand is therefore necessary so that the ALJ can obtain an opinion from Dr. Amiri or order a psychological consultative examination as to Plaintiff's ability to engage in work-related activities. *See Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) (reversing and remanding to the district court because the ALJ did not meet the duty to fully and fairly develop the record where there was no medical evidence about how the claimant's impairments affect his ability to function in the workplace); *Walker v. Colvin*, 2014 U.S. Dist. LEXIS 86327, *2 (N.D. Iowa June 25, 2014) (finding that *Nevland* compelled remand because the only medical evidence regarding claimant's migraines offered no guidance as to how the migraines affected the claimant's functioning).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **REVERSES** the decision of the ALJ under sentence four of 42 U.S.C. § 405(g). This case is **REMANDED** to the ALJ for an assessment of Plaintiff's ability to perform work-related activities by either re-contacting Plaintiff's treating psychiatrist or by ordering a psychological consultative examination.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: September 12, 2018

---

[4] The Court notes that Plaintiff cites "no evidence that [she] sought to obtain any low-cost medical treatment . . . [or that she] had been denied medical care because of her financial condition." *Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992). If this was the only consideration for whether Plaintiff was treated unfairly, the Court may have decided the issue differently.